IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MELISSA JACKSON-COBB | : | CIVIL ACTION |
| | : | |
| v. | : | No. 18-4291 |
| | : | |
| ANDREW SAUL,[1] | : | |
| *COMMISSIONER OF SOCIAL* | : | |
| *SECURITY* | : | |

**MEMORANDUM**

**Juan R. Sánchez, C.J.**                                                                                        **January 24, 2020**

Plaintiff Melissa Jackson-Cobb applied for social security benefits. Her application was denied by an Administrative Law Judge (ALJ). She seeks review of the ALJ's denial by this Court. United States Magistrate Judge Jacob P. Hart issued a Report and Recommendation (R&R) affirming the ALJ's decision. Jackson-Cobb objected to the R&R. After de novo review of the record, the Court will overrule Jackson-Cobb's objections, approve and adopt the R&R, and deny Jackson-Cobb's request for review.

**BACKGROUND**

In a July 14, 2017, decision, the ALJ found Jackson-Cobb not disabled after applying the Social Security Administration's five-step sequential evaluation process for determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520. The ALJ first found Jackson-Cobb had not engaged in substantial gainful employment since September 3, 2014, the alleged onset date of her disability. Second, she determined Jackson-Cobb had the following severe impairments: degenerative joint disease of both knees, status post-total knee replacement; osteoarthritis of the left shoulder; alcohol and crack cocaine abuse; major depressive disorder; generalized anxiety

---

[1] Andrew Saul became the Commissioner of Social Security on June 17, 2019. Pursuant to Federal Rule of Civil Procedure 25(d), Saul is substituted for Nancy A. Berryhill as the Defendant in this case.

disorder; and bipolar disorder. The ALJ determined Jackson-Cobb's arthritis in her spine, carpal tunnel syndrome, hernias, and attention deficit/hyperactivity disorder were not severe. Third, the ALJ found Jackson-Cobb's impairments did not equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Fourth, the ALJ concluded Jackson-Cobb, subject to certain restrictions, had the residual functional capacity (RFC) to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a). Finally, relying on the testimony of a vocational expert, the ALJ determined Jackson-Cobb could perform work as a clerical worker, assembler, or bench worker. The ALJ concluded Jackson-Cobb was not disabled.

Jackson-Cobb filed the instant action on October 4, 2018, seeking review of the ALJ's decision. In her request for review, Jackson-Cobb argues the ALJ's decision was not supported by substantial evidence because she (1) failed to credit the opinion of Jackson-Cobb's treating psychiatrist, David M. Austria, M.D.; (2) erred in evaluating Jackson-Cobb's activities of daily living; (3) failed to evaluate the effect of Jackson-Cobb's obesity on her ability to work; and (4) wrongly posed hypothetical questions to the vocation expert that did not reflect Jackson-Cobb's limitations in concentration, persistence, or maintaining pace. On October 21, 2019, Judge Hart issued an R&R addressing these alleged errors, concluding the ALJ's decision was supported by substantial evidence, and recommending the Commissioner's denial of benefits be affirmed.

On November 5, 2019, Jackson-Cobb filed objections to the R&R reasserting the arguments she made in his Request for Review. Jackson-Cobb again raised arguments regarding (1) the ALJ's weighing of Dr. Austria's opinion; (2) the ALJ's evaluation of Jackson-Cobb's daily living activities; and (3) the effect of Jackson-Cobb's obesity on her RFC. *See* Objs. 1, 6, 9. Pursuant to 28 U.S.C. § 636(b)(1), this Court reviews de novo "those portions of the report or specified proposed findings or recommendations to which objection is made."

2

**DISCUSSION**

Upon de novo review of the record, and considering that Judge Hart has already fully considered and addressed the arguments set forth in the objections, Jackson-Cobb's objections will be overruled for the reasons stated in the R&R. The Court will, however, briefly address Jackson-Cobb's argument regarding the ALJ's alleged failure to adequately evaluate Jackson-Cobb's obesity when determining her RFC.

The Court finds that the ALJ did not err in her evaluation of Jackson-Cobb's obesity. Jackson-Cobb argues that substantial evidence does not support the ALJ's sedentary RFC assessment because "the ALJ did not evaluate her documented obesity." Objs. 6. The ALJ's decision did not explicitly mention Jackson-Cobb's obesity. Jackson-Cobb, however, argues the ALJ should have been alerted to, and therefore discussed, her obesity due to records demonstrating her height (5'2") and weight (240 pounds), and her testimony stating that her weight "gets her out of breath a lot," R. at 132-33, and impacts her walking and standing because she "feel[s] heavy all the time," R. at 132. Relying on *Diaz v. Commissioner of Social Security*, Jackson-Cobb argues the ALJ had a duty to discuss her obesity. *See* 577 F.3d 500, 504 (3d Cir. 2009). Jackson-Cobb's reliance on *Diaz* is misplaced.

In *Diaz*, the Third Circuit determined that an ALJ is required to evaluate the effect of obesity on the claimant's RFC *once the ALJ finds that obesity is a severe impairment*. *Id.* at 504-06; *see also Ellis v. Astrue*, No. 09-1212, 2010 WL 1817246, at *4 (E.D. Pa. Apr. 30, 2010) (explaining that an ALJ's duty to discuss obesity is triggered where the ALJ finds obesity is a severe impairment). *Diaz* is inapplicable to this case because (1) Jackson-Cobb did not allege obesity in her disability application and (2) the ALJ did not find that obesity was one of Jackson-Cobb's severe impairments. Thus, Jackson-Cobb's reliance on *Diaz* is misplaced and the ALJ had

no duty to discuss Jackson-Cobb's obesity. *See Rickabaugh v. Astrue*, No. 08-228, 2010 WL 1142041 (W.D. Pa. Mar. 24, 2010) (finding ALJ was not required to analyze obesity because claimant did not assert obesity and the ALJ did not expressly find that claimant's obesity was a severe impairment).

In any event, as discussed in the R&R, any error of the ALJ in failing to address Jackson-Cobb's obesity was harmless. In *Rutherford v. Barnhart*, the Third Circuit held that an ALJ's failure to discuss a claimant's obesity does not warrant remand—even if the ALJ was on notice of the claimant's obesity—if the claimant only makes general assertions about the impact of her obesity and the ALJ relies on medical evidence as the basis for her findings. *See* 399 F.3d 546, 553 (3d Cir. 2005) (finding that, assuming the claimant's 5'2" height and her 245 pound weight sufficed to alert the ALJ that obesity could be a factor, remand was not warranted based on the claimant's "generalized response" that her obesity impacted her ability "to stand, walk and manipulate her hands and fingers"). In this instance, Jackson-Cobb has only made generalized assertions relating to her obesity. R. at 132-33 (stating her weight "gets her out of breath a lot" and impacts her walking and standing because she "feel[s] heavy all the time"). Furthermore, the ALJ relied on medical evidence as the basis for his findings. As the R&R noted, the ALJ made several findings of normal breath based on medical records and considered the evidence of record as to Jackson-Cobb's difficulties with walking and standing. *See* R. & R. 12. Therefore, any error of the ALJ in failing to address Jackson-Cobb's obesity was harmless.[2] As a result, Jackson-Cobb's

---

[2] Jackson-Cobb also asserts the R&R conceded that the ALJ committed a reversible error by stating: "[i]t would therefore have been better for the ALJ to have specifically discussed Jackson-Cobb's obesity." R. & R. 11. The Court disagrees. The R&R does not concede that the ALJ erred in failing to discuss Jackson-Cobb's obesity. Rather, it notes that the ALJ's decision would have been more complete if it had addressed Jackson-Cobb's obesity in light of her testimony at the hearing. Nevertheless, as demonstrated by *Rutherford*, the mere fact that the ALJ's decision could have "discussed more" does not mean the ALJ committed a reversible error.

4

objection to the R&R's finding that ALJ did not err in evaluating her obesity is therefore meritless and will be overruled.

**CONCLUSION**

In conclusion, the Court finds the ALJ's decision was supported by substantial evidence. Accordingly, the Court will overrule Jackson-Cobb's objections, approve and adopt the R&R, and deny Jackson-Cobb's request for review.

An appropriate order follows.

                                              BY THE COURT:

                                              /s/ Juan R. Sánchez
                                              Juan R. Sánchez, C.J.